IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BOBBIE L. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-3205-SSA-CV-S-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Bobbie L. Wright seeks judicial review,[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Security Administration under Title II. The parties' briefs are fully submitted, and an oral argument was held on November 9, 2012. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Plaintiff was forty-four years of age on her alleged disability date of August 26, 2008. Plaintiff alleges disability based on diabetes, scleroderma, a bulging disc in her back, arthritis, fibromyalgia, obesity and depression.

The evidence before the ALJ contained no medical opinions in support of plaintiff's disability claim. Despite the lack of a medical opinion, the ALJ assigned restrictive limitations to account for plaintiff's impairments, and limited plaintiff to sedentary work. This Court finds there was substantial evidence in the record, including treatment records from Dr. Drenn and Dr. Kinsey's nonexamining assessment to support the decision of the ALJ. Moreover, it is plaintiff who carries the burden of establishing her residual functional capacity (RFC) and disability. There was sufficient and substantial evidence to support the ALJ's decision that plaintiff was not disabled as defined by the Social Security Act. [2]

New Evidence

With regard to the new evidence submitted by plaintiff to the Social Security Administration Appeals Council, this Court affirms the Appeals Council's position that the new

---

[2] Plaintiff's arguments in support of her appeal which are not specifically addressed in this order have been fully considered by this Court and are denied. There is substantial evidence to support the decision of the ALJ.

evidence was not material.  The medical source statement (MSS) of Joseph Mayus, M.D., a rheumatologist, was done on October 14, 2010, approximately five months after the hearing before the ALJ.  Dr. Mayus' opinion did not relate back to the relevant time period of the ALJ's decision. This is reflected by the language within the MSS which appears only to discuss plaintiff's then-current condition and by the fact that Dr. Mayus did not begin seeing or treating plaintiff until May of 2005, just after the opinion of the ALJ was rendered.  As set forth in Perks v. Astrue, 687 F.3d 1086, 1093 (8th Cir. 2012), "[t]he Appeals Council shall consider additional [new] evidence only where it relates to the period on or before the date of the ALJ hearing decision."  Citing 20 C.F.R. § 404.970(b).

**Conclusion**

There is substantial evidence in the record to support the decision of the ALJ that plaintiff is not disabled as defined by the Social Security Act.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed.

Dated this 20th day of November, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge